IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PETER MUHLBAUER,<br><br>        Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>        Defendant. | CV-04-6313-CO<br><br>FINDINGS AND RECOMMENDATION |

COONEY, Magistrate Judge:

## **INTRODUCTION**

Plaintiff, Peter Muhlbauer (Muhlbauer), brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for disability benefits under Titles II and XVI of the Social Security Act (the Act). 42 U.S.C. §§ 405(g), 1383(c)(3).

Muhlbauer alleges disability beginning September 1, 2000, due to depression, bipolar disorder, agoraphobia, social anxiety disorder, carpal tunnel syndrome, and insomnia. Tr. 68. Muhlbauer was 46 years old at the time of the ALJ's decision. He has a bachelor's degree in political science, and some credits towards a master's degree. Tr. 14, 74, 249. Mahlbauer has worked as a

produce clerk, a grocery clerk, and a school bus driver. Tr. 69, 255-56. He last worked in September, 2000, when he was reportedly terminated for insubordination. Tr. 69.

On appeal to this court, Muhlbauer contends the ALJ erred by finding that his impairments do not meet or equal one of the listed impairments. Muhlbauer also disagrees with the ALJ's assessment of his residual functional capacity (RFC), and his resulting hypothetical question at step five of the sequential evaluation.

After carefully reviewing Muhlbauer's record, I find that the Commissioner's decision is not supported by substantial evidence and should be remanded for further proceedings.

## **STANDARD OF REVIEW**

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert denied,* 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The

Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Andrews*, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. *See Tacket v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner, at step five, to identify jobs existing in significant numbers in the national economy that the claimant can perform. *Id.*; *see also* 20 C.F.R. § 416.960(c)(2).

Here, at step one, the ALJ found that Muhlbauer had not engaged in substantial gainful activity since his alleged disability onset date. Tr. 23; *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the ALJ found that Muhlbauer had the following severe impairments: major depressive disorder; possible anxiety disorder characterized by agoraphobic traits but without panic attacks; and anti-social personality disorder, not otherwise specified. Tr. 24; *see* 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the ALJ found that Muhlbauer's impairments did not meet or equal the criteria of a listed impairment (Listings). Tr. 24; s*ee Bowen v. Yuckert*, 482 U.S. 137, 140-141 (1987); 20 C.F.R. §§ 404.1520(d), 416.1520(d).

The ALJ assessed Muhlbauer with the RFC for work at all exertional levels, with the following non-exertional restrictions: no frequent interaction with supervisors or co-workers and no

3 - FINDINGS AND RECOMMENDATION

frequent interaction with the general public. Tr. 25; s*ee* 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945; Social Security Ruling 96-8p.

At step four, the ALJ found that Muhlbauer was no longer able to perform his past relevant work. Tr. 28; s*ee* 20 C.F.R. §§ 404.1520(f), 416.920(f).

At step five, however, the ALJ determined that Muhlbauer remained capable of performing other work existing in significant numbers in the national economy, such as after-hours office cleaner and warehouse worker. Tr. 29. Accordingly, the ALJ found Muhlbauer to be not disabled. *See* 20 C.F.R. §§ 404.1566, 416.966.

## **DISCUSSION**

Muhlbauer urges this court to remand the ALJ's decision in order to allow for consideration of a psychological evaluation performed by Dorthy Anderson, M.D., 12 days after the ALJ's written decision. According to Muhlbauer, Dr. Anderson's examining opinion establishes that Muhlbauer meets the criteria under the Listings for impairments 12.04 (Affective Disorder) and 12.06 (Anxiety Related Disorders).

Though I find Muhlbauer's explanation for why he could not have solicited and submitted this evaluation before the ALJ's final decision tenuous,[1] I believe he satisfies the requirements for admission of new evidence. *See Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984)(three prong test for admission of new evidence includes (1) must not be cumulative, (2) must be material, (3) must show good cause for failure to present evidence earlier). In particular, Dr. Anderson's June 17, 2004, evaluation creates a reasonable possibility of changing the outcome of the ALJ's determination.

---

[1] In his reply to this court, Muhlbauer explains that he did not "solicit" Dr. Anderson's evaluation, rather state disability services requested it.

4 - FINDINGS AND RECOMMENDATION

Tr. 11-18. On the worksheet portion of her assessment, Dr. Anderson checked boxes indicating that Muhlbauer is "markedly" limited in his ability to (1) interact appropriately with the general public; (2) accept instructions and respond appropriately to criticism from supervisors; and (3) get along with co-workers or peers without distracting them or exhibiting behavioral extremes. Tr. 18. Dr. Anderson explained,

> [Mahlbauer] has had long term problems in interaction with others, and clear problems with paranoid stance [sic] with other people and paranoid thinking problems. He has difficulties modulating his anger and frustration, particularly with those in positions of authority over him. His mood problems have intensified as his options in life have reduced, and has lost jobs, finances, and any ability to maintain interests and activity in the community.

Tr. 15-16.

Contrary to the Commissioner's contention that Dr. Anderson's report is based wholly on Muhlbauer's discredited subjective reports, in fact Dr. Anderson indicates that she reviewed records from Marion County Mental Health, a letter from Muhlbauer's mother, and the chart notes from Eugene Yamaguchi, M.D., Mulhbauer's primary care physician. Tr. 12. Further, Dr. Anderson reviewed the entire record in existence at the time of her December 11, 2001, non-examining assessment, requested by the Social Security Administration. Tr. 174-77.

I am also not persuaded by the Commissioner's argument that inconsistencies in Muhlbauer's reports to Dr. Anderson justify discrediting Muhlbauer's testimony completely. The Commissioner points out that Muhlbauer told Dr. Anderson that he moved "to the West Coast because he has always loved it here," but that he told Dr. Smolen he moved because Oregon has a better disability system than Colorado. Tr. 13, 178. Both statements could be true.

5 - FINDINGS AND RECOMMENDATION

Further troubling are many of the ALJ's other reasons for discrediting Muhlbauer. For instance, the ALJ noted that Muhlbauer testified that he had no friends and was estranged from his family, but he also told Maribeth Kallemeyn, Ph.D., and Dr. Yamaguchi, that he had had a two to three month relationship with a woman. Tr. 153. Muhlbauer's statement to Dr. Kallemeyn was in February, 2002, and his statement to Dr. Yamaguchi was in January, 2002. Tr. 154, 245. Thus, Muhlbauer was likely in the midst of this two to three month relationship at the time of these reports. Therefore, it was not rational for the ALJ to discredit Muhlbauer for testifying on February 11, 2004, two full years after this romantic liaison, that he was socially isolated. Especially because the medical records during this intervening period support Muhlbauer's allegation that he has no friends and only speaks to his mother.

I am further unconvinced that Muhlbauer was dishonest about his use of marijuana, as the ALJ found. On February 27, 2002, he told Dr. Kallemeyn that he last used marijuana "a year ago." Tr. 152. Then, on May 22, 2002, Muhlbauer told Gale Smolen, M.D., that he stopped using marijuana one-and-a-half years ago. Tr. 180. The ALJ found these reports were inconsistent with Muhlbauer's testimony at the hearing, in February 2004, that he had quit marijuana around the time he was fired from his last job in September, 2000. Tr. 27, 247. I disagree. Muhlbauer's report to Dr. Smolen is consistent with quitting marijuana in September, 2000. Though his report to Dr. Kallemeyn would put his last use of Marijuana in February, 2001, I think this date is close enough to the other estimates that it does not provide sufficient reason to question Muhlbauer's credibility.

Finally, the ALJ discredited Muhlbauer, in part, because he did not report work difficulties to his doctors until August 2000. Tr. 26. I find this statement both incorrect, and unreasonable. It is incorrect because the records actually show Mulhbauer did report that he disliked his job and that

6 - FINDINGS AND RECOMMENDATION

is was very stressful in December 1999. Tr. 131. Then, at the end of January 2000, Mulhbauer told his doctor that he "feels like he is being phased out of his job." Tr. 130. However, even if Mulhbauer had not made these reports, I find the ALJ's inference that he should have been telling his doctors about troubles at work is inappropriate. Troubles with work are not the traditional kind of complaints one makes to a doctor. More traditionally, a person complains to their doctor about the specific symptoms they are experiencing. This is precisely what Mulhbauer did. He told his doctors that he felt depressed, that he suffered from insomnia, that he had problems concentrating, and with his memory. At times Mulhbauer also complained about the side effects of the medications he was prescribed. Notably, Mulhbauer was not undergoing any "talk" therapy at the time of the ALJ's decision, because the Oregon Health Plan discontinued covering this treatment in June or July of 2004. Tr. 253. Therefore, failure to follow a prescribed course of treatment would also not be an appropriate reason to discredit Muhlbauer, in so far as his medical insurance did not cover certain therapies that might be expected to produce medical improvement.

In sum, I find significant flaws with the ALJ's credibility assessment, which tarnished the ALJ's assessment of the record medical evidence. I further find new and material evidence exists that poses a substantial possibility of changing the ALJ's disposition in this case. Though the ALJ incorporated two of Muhlbauer's work-related functional limitations into his hypothetical question to the vocational expert (VE), he did not ask the VE to consider what effect "marked" degrees of these limitations would have on his ability to perform other work, or what effect a "marked" impairment in the ability to accept instructions and respond appropriately to criticism from supervisors would have in the jobs the VE identified. Tr. 259. Therefore, on remand, the ALJ should reassess the medical evidence and reevaluate Muhlbauer's RFC.

7 - FINDINGS AND RECOMMENDATION

# RECOMMENDATION

Based on the foregoing, the Commissioner's decision should be REMANDED for further proceedings consistent with this opinion.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** *The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections.* **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

DATED this _25___ day of April, 2005.

_____/s/_____
JOHN P. COONEY
United States Magistrate Judge